1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

\* \* \*

7

WILLIAM F. NORDEEN and CAROL A.
NORDEEN,

Case No. 2:14-CV-1470 JCM

8

Plaintiff(s),

ORDER

9

10

v.

11

TAYLOR, BEAN & WHITAKER
MORTGAGE CO., et al.,

12

Defendant(s).

13
14

Presently before the court is the bankruptcy appeal of *Nordeen et al. v. Taylor, Bean &*

15

*Whitaker Mortgage Corporation et al.*, case number 2:14-cv-01470-JCM.  *Pro se* appellants

16

William F. Nordeen and Carol A. Nordeen (hereinafter "appellants") filed an opening brief.  (Doc.

17

# 11).  Appellee Ocwen Loan Servicing, LLC (hereinafter "appellee") filed an answering brief,

18

(doc. # 14), and appellants filed a reply brief, (doc. # 15).

19

**I.    Background**

20

On June 21, 2007, appellants executed a deed of trust and $142,000.00 promissory note

21

payable to Taylor, Bean & Whitaker Mortgage Company ("TBW") to finance the purchase of their

22

property.  The deed of trust was later recorded with the Clark County Recorder's Office.

23

On June 28, 2009, Appellants filed a chapter 13 bankruptcy petition in the United States

24

Bankruptcy Court for the District of Nevada.  On August 13, 2009, the servicing of appellants'

25

loan was transferred to appellee, and the deed of trust was assigned to appellee.  On August 19,

26

2009, appellee sent a letter to appellants informing them that it was the new servicer of their loan.

27

At the time of the transfer to appellee, appellants' loan balance totaled $138,701.63.

28

James C. Mahan
U.S. District Judge

On January 13, 2010, appellee filed a proof of claim in appellants' bankruptcy proceeding. Appellants ceased making payments on their mortgage in 2010. (ER 436). On March 1, 2011, appellee filed an amended proof of claim.

On April 8, 2011, appellants commenced an adversary proceeding against appellee and TBW in bankruptcy court. Appellants alleged causes of action against appellee for declaratory relief, misrepresentation/fraud, perjury, quiet title, unjust enrichment, and various "housing laws" violations, including claims under the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), and the Fair Debt Collection Practices Act ("FDCPA").

On August 15, 2011, appellee moved to dismiss appellants' complaint. On September 20, 2011, the bankruptcy court held a hearing on the motion. On January 18, 2012, the court granted appellee's motion without prejudice.

On December 30, 2011, appellants filed a second complaint against appellee and TBW, asserting the same claims. On April 5, 2012, appellee moved to dismiss appellants' second complaint. On May 8, 2012, the bankruptcy court held a hearing on the motion. On August 10, 2012, the court issued an order granting the motion and dismissing the complaint with prejudice.

On August 23, 2012, appellants filed a notice of appeal. On March 12, 2013, Judge Jones issued an order affirming the bankruptcy court's dismissal of all causes of action except appellants' quiet title claim. Judge Jones remanded appellants' claim for quiet title to the bankruptcy court for further proceedings. On May 16, 2013, appellee transferred servicing of the loan to Nationstar Mortgage, LLC ("Nationstar"). At this time, appellants' loan had a balance of $144,773.02. (ER 397).

On November 26, 2013, appellee filed a motion for summary judgment in bankruptcy court on appellants' quiet title claim. (ER 379). Appellants filed a response, and appellee replied. On January 29, 2014, the bankruptcy court held a hearing on the motion. On May 29, 2014, the bankruptcy court issued a memorandum decision granting the motion. (ER 640).

On June 9, 2014, appellants filed a motion for relief from the summary judgment order under Federal Rule of Civil Procedure 59(e). (ER 652). On June 16, 2014, the court issued an

James C. Mahan
U.S. District Judge

- 2 -

order to show cause why the proceedings should not be dismissed for failure to properly serve TBW.  (ER 676).

On or about August 6, 2014, appellants filed a response to the show cause order, addressing their substantive reconsideration arguments but failing to provide evidence that TBW was properly served.  (ER 689).

On August 20, 2014, the bankruptcy judge held a joint hearing on the motion to reconsider and the order to show cause.  (ER 696).  On August 25, 2014, the bankruptcy court issued two written decisions.  First, the court denied the motion to reconsider.  (ER 721).  Second, the court entered an order dismissing TBW without prejudice for failure to properly effectuate service of process.  (ER 724).

On September 17, 2014, appellants filed the instant notice of appeal, challenging the summary judgment order, the order denying the motion for reconsideration, and the order dismissing TBW without prejudice.  (Doc. # 3).

II.   **Legal Standards**

i.   *Appellate review*

Under title 28 U.S.C. section 158(a), a district court has jurisdiction to hear appeals "from final judgments, orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a); *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005).  The district court reviews a bankruptcy court's conclusions of law *de novo*.  *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009).

The district court reviews the bankruptcy court's findings of fact for clear error.  *Id.*  The court must accept the bankruptcy court's findings of fact "unless, upon review, the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge." *Id.*  The bankruptcy court's evidentiary rulings are reviewed for abuse of discretion.  *In re Kim*, 130 F.3d 863, 865 (9th Cir. 1997).

On appeal, a grant of summary judgment is reviewed *de novo*.  *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002).  Viewing the evidence in the light most favorable to the nonmoving party, the court must determine whether any genuine dispute of material fact exists. *Id.*

James C. Mahan
U.S. District Judge

Denial of a motion to reconsider a grant of summary judgment is reviewed for abuse of discretion. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Appellate courts review a lower court's dismissal for failure to properly serve a summons for abuse of discretion. *In re Sheehan*, 253 F.3d 507, 511-12 (9th Cir. 2001).

        *ii.*     *Summary judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not

James C. Mahan
U.S. District Judge

- 4 -

consider the non-moving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

### iii.    Motion to reconsider

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b).  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

### iv.    Rule 4(m)

Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice."  Bankruptcy Rule 7004(a) incorporates by reference Rule 4(m) into the bankruptcy rules.  *See* Fed. R. Bankr. P. 7004(a)(1).

Absent a showing of good cause, a court has broad discretion to dismiss the complaint without prejudice or extend the time to effectuate proper service.  *In re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001).

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.**     **Discussion**

This court has jurisdiction over the instant appeal because it is taken from final orders issued by the bankruptcy judge granting summary judgment, denying reconsideration, and dismissing the remaining party without prejudice.  *See* 28 U.S.C. § 158(a).

Appellants make a number of arguments that they contend warrant reversal of the bankruptcy court.  The court will discuss the relevant points in turn.

*i.*     *Feezer declaration*

Appellants first contend that the bankruptcy court erred in considering the declaration of Gina Feezer, submitted in support of appellee's motion for summary judgment.  (Doc. # 11). Appellants argue that Ms. Feezer is not the proper custodian to their records because she works for appellee's parent company and is not a supervisor in the department where appellants' records are kept.  (Doc. # 11).

Federal Rule of Civil Procedure 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  Federal Rule of Evidence 602 permits witness testimony on issues about which the witness has personal knowledge.  Fed. R. Evid. 602.

Ms. Feezer works as a senior loan analyst for appellee.  Her declaration was made based on personal knowledge of appellee's records and documents.  (ER 396).  Ms. Feezer states that appellants owed $138,701.63 on their promissory note when appellee took over as servicer.  She accordingly confirms that appellee "never cancelled, forgave, or 'zeroed-out' the loan balance." (ER 395-97).

Ms. Feezer declares that appellants ceased making note payments by about February 2010, a fact that appellants do not contest.  She also notes that appellee never commenced foreclosure proceedings, transferring its servicing rights to Nationstar effective May 16, 2013.  (ER 396-97).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Appellants inaccurately contend that Ms. Feezer's declaration is barred by the rule against hearsay. *See* Fed. R. Evid. 802. Further, to the extent that appellee introduced any records regarding appellants' loan through Ms. Feezer's testimony, such evidence was permitted under the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6).

Based on the foregoing, the court finds that the bankruptcy court did not err by considering the Feezer declaration in ruling on appellee's motion for summary judgment and appellants' Rule 59(e) motion. Accordingly, reversal on these grounds is not appropriate.

> ii.   *McCaffrey affidavit*

Appellants next contend that the bankruptcy court erred in refusing to consider the affidavit of William McCaffrey in ruling on appellee's motion for summary judgment. Appellants first referenced this affidavit at the bankruptcy court's January 29, 2014, hearing on the motion for summary judgment. (ER 636). However, they did not produce it until after the hearing. (ER 668).

At the January 29, 2014, hearing, Ms. Nordeen stated: "I do have somebody that's working on an affidavit because the contention is our loan's paid off . . . ." (ER 629). Appellee's counsel responded: "The expert deadline has passed. So if this is an expert affidavit, it wouldn't be admissible anyway." (ER 636).

The court took the matter under submission and entered a memorandum decision granting appellee's motion for summary judgment on May 29, 2014. (ER 640). On June 9, 2014, appellants filed a Rule 59(e) motion for relief from judgment, attaching the McCaffrey affidavit dated January 30, 2014. (ER 652).

On August 20, 2014, the bankruptcy court held a hearing on the Rule 59(e) motion. (ER 696). On August 25, 2014, the court issued an order denying the motion for relief. (ER 721). The court held that the McCaffrey affidavit did not constitute newly discovered evidence, as it was executed just one day after the court held its summary judgment hearing. Further, the court noted that the affidavit contained the same arguments and legal conclusions already presented. (ER 722).

James C. Mahan
U.S. District Judge

- 7 -

As appellee notes, appellants failed to timely disclose the McCaffrey affidavit. This evidence was not provided to appellee during discovery, briefing, or the court's hearing on the motion for summary judgment. (Doc. # 14).

Federal Rule of Civil Procedure 26(a)(2) requires disclosure of expert testimony during discovery. Fed. R. Civ. P. 26(a)(2). Appellee notes that appellants' belated disclosure of the affidavit at issue deprived it of the opportunity to depose Mr. McCaffrey pursuant to Rule 26(b)(4). (Doc. # 14).

Moreover, upon reviewing the McCaffrey affidavit, the court finds that it would not be relevant to a summary judgment ruling. While Mr. McCaffrey states that he has experience in pertinent fields, his affidavit does not present a genuine dispute of material fact.

The affidavit at issue relies on Mr. McCaffrey's "personal knowledge and experience to render opinions" with regard to securitization of loans, among other topics. (ER 668). In his affidavit, Mr. McCaffrey explains his reading of the balance sheets at issue and states that appellee does not constitute a holder in due course. (ER 670).

The McCaffrey affidavit does not provide any further evidence to support appellants' contention that the remaining balance of the loan was somehow discharged, forgiven, or paid off. It merely sets forth appellants' reading of the balance sheets, which the court found unpersuasive. Further, because appellee never attempted to assert an adverse interest on the property, Mr. McCaffrey's opinion regarding whether appellee is a holder in due course is irrelevant.

Overall, the court finds that the bankruptcy court did not err in refusing to consider the untimely McCaffrey affidavit. Accordingly, the bankruptcy court's decision is not properly reversed on these grounds. The court will now turn to appellants' jurisdictional arguments.

   *iii.*   *Jurisdictional issues*

Appellants argue that the bankruptcy court erred in asserting jurisdiction over appellants' non-core claims. Appellants believe that they are entitled to have an Article III court hear all their claims in this case, including those that were previously dismissed.

James C. Mahan
U.S. District Judge

1     The bankruptcy court here construed appellants' quiet title claim as a non-core matter.  (ER

2   645).  In its order on appellants' motion for summary judgment, the bankruptcy court noted that

3   appellants contested entry of final judgment by the bankruptcy court.  (ER 644).

4     A bankruptcy court may only enter final judgment on non-core matters with consent of the

5   parties.  28 U.S.C. § 157(c)(2); *see also In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 567 (9th

6   Cir. 2012) (noting and applying this standard).

7     However, the Ninth Circuit has held that such consent may be implied by a party's conduct.

8   *See In re Bellingham*, 702 F.3d at 567-70 (finding consent where party contesting jurisdiction

9   "fully litigated the fraudulent conveyance action before the bankruptcy court and the district

10  court"); *In re Mann*, 907 F.2d 923, 926 (9th Cir. 1990) (holding that party consented by filing

11  adversary proceeding in bankruptcy court and never objecting to court's jurisdiction prior to entry

12  of judgment against him); *In re Daniels-Head & Assocs.*, 819 F.2d 914, 919 (9th Cir. 1987)

13  ("[A]ppellant should not now, after fully litigating its case in bankruptcy court, be permitted to

14  object to that court's jurisdiction . . . appellant's failure to object . . . constitutes consent . . . .").

15    Here, appellants commenced an adversary proceeding in bankruptcy court.  They objected

16  to the bankruptcy court's entry of final judgment for the first time almost two years later, after the

17  bankruptcy court had dismissed their claims and the district court had remanded the quiet title

18  claim on appeal.

19    As appellants' complaint evidences, appellants believed that all of their claims were core

20  proceedings up until the district court remanded their quiet title claim and indicated otherwise.

21  However, appellants cite no legal authority indicating that this somehow changes their implied

22  consent to have the bankruptcy court adjudicate these claims.

23    The procedural history here aligns with that of other cases in this jurisdiction finding

24  implied consent.  *See, e.g.*, *In re Mann*, 907 F.2d at 926 (finding waiver where party filed adversary

25  proceeding in bankruptcy court and waited to object until after final judgment).  More generally,

26  courts have found implied consent on the part of *pro se* parties in bankruptcy proceedings.  *See,*

27  *e.g.*, *In re West*, 126 Fed. App'x 418, 419 (9th Cir. 2005); In *re Tex. Gen. Petroleum Corp.*, 52

28  F.3d 1330, 1337 (5th Cir. 1995).

James C. Mahan
U.S. District Judge

- 9 -

1    Finally, as the Ninth Circuit bankruptcy appeal panel has stated, "[a]n allegation that the
2    proceeding is core serves as an express consent for the bankruptcy court to treat the proceeding as
3    core and enter a final order in that proceeding."  *In re Wash Coast I, LLC*, 485 B.R. 393, 408
4    (B.A.P. 9th Cir. 2012).   As the bankruptcy court pointed out and as this court noted above,
5    appellants' complaint characterized their claims as core proceedings.  (ER 003).

6    By bringing their adversary proceeding in bankruptcy court and failing to timely object to
7    jurisdiction, the court finds that appellants waived their right to contest final judgment by the
8    bankruptcy court on their non-core claims.   The bankruptcy court's judgment is therefore not
9    properly reversed on these grounds.   The court will now review the bankruptcy court's substantive
10   rulings on appellants' quiet title claim.

11        iv.    *Summary judgment*

12   Appellants argue that the bankruptcy court improperly granted summary judgment on their
13   sole remaining claim for quiet title.  (Doc. # 11).  Appellants originally sued for quiet title on the
14   grounds that any interest asserted by appellee unlawfully clouds appellants' title in their property.
15   Appellants argued that they had no remaining duty to tender the debt because TBW somehow paid
16   or forgave payment of their note.  (ER 001).

17   In Nevada, an action to quiet title may be brought "by any person against another who
18   claims an estate or interest in real property, adverse to the person bringing the action, for the
19   purpose of determining such adverse claim."   NRS 40.010.

20   In such an action, the plaintiff has a burden of proof to show that he has good title and has
21   paid any debt owed on the property.  *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318
22   (1996); *see also Viloria v. Premium Capital Funding LLC*, 2:12-cv-00406-KJD-PAL, 2012 WL
23   4361252 at *3 (D. Nev. Sept. 20, 2012).

24   Appellee argues that summary judgment was proper because appellee does not assert any
25   adverse interest in the property.   Further, appellee notes that appellants failed to produce any
26   evidence that they paid off the loan balance and therefore possess a valid interest.  (Doc. # 14).

27
28

James C. Mahan
U.S. District Judge

1    Upon review of the record and the parties' arguments, the court will affirm the bankruptcy

2    court's grant of summary judgment.  Appellants failed to show a genuine dispute of material fact

3    with regard to their claim for quiet title against appellee.

4    Appellee has stated that it is not asserting an adverse interest in the property.  Appellee

5    never attempted to foreclose on the property, and has since transferred servicing rights to

6    Nationstar. (ER 397).  Additionally, appellants concede that they have failed to make up-to-date

7    payments on their loan.  (ER 436).  Appellants' argument that their loan balance was discharged

8    is not persuasive, and is not supported by the evidence.

9    The crux of appellants' argument is that two balance sheets evidence TBW paying off

10   appellants' net principal balance of $138,701.63, leaving appellants without debt to anyone.  (Doc.

11   # 11).  As noted by the bankruptcy court, appellants rely solely on the balance sheets in support of

12   this theory.  (ER 649-50).  They do not provide any additional evidence such as a letter or other

13   notice that their loan balance was forgiven.

14   As the bankruptcy court held, appellants' theory is extremely implausible.  By contrast, the

15   evidence readily supports appellees' reading of the balance sheets.  Namely, the records reflect a

16   change to a zero balance on appellants' loan during the same time period that servicing of

17   appellants' loan was transferred.  Further, one balance sheet's entry is labeled with transaction

18   type "EXP" and transaction description "TRF SERV." (ER 247).  The bankruptcy court properly

19   read this entry to indicate a transfer of servicing rather than forgiveness of the loan balance.  (ER

20   649).

21   While the court should view the evidence in the light most favorable to the non-moving

22   party on summary judgment, the court should grant summary judgment where no genuine dispute

23   of material fact exists.  Appellants did not produce viable evidence showing a genuine dispute of

24   material fact in this case.  Accordingly, the court finds that the bankruptcy court did not err in

25   granting summary judgment in appellee's favor on appellants' quiet title claim.  This ruling will

26   be affirmed.

27   . . .

28   . . .

**James C. Mahan**
**U.S. District Judge**

*v.*      *Reconsideration*

Appellants also seek review of the bankruptcy court's denial of reconsideration.  This decision is reviewed for abuse of discretion.  The court finds that the bankruptcy court clearly did not abuse its discretion in denying reconsideration of its summary judgment order.

As discussed above, the court properly refused to consider the McCaffrey affidavit as new evidence.  Further, based on review of the summary judgment order in this case, the court concludes that the bankruptcy court did not commit clear error in granting summary judgment such that reconsideration would have been warranted.  Accordingly, the court will affirm the bankruptcy court's denial of the motion to reconsider.  The court will now address appellants' final claim on appeal regarding the dismissal of TBW for improper service.

*vi.*     *Dismissal of TBW*

Appellants' notice of appeal also states that they appeal the bankruptcy court's order dismissing TBW without prejudice.  In their opening brief, appellants comment that this dismissal due to improper service was incorrect.  (Doc. # 11).  However, the parties do not substantively brief the issue.

On August 25, 2014, the bankruptcy court issued an order dismissing TBW without prejudice.  (ER 724).  The court noted that appellants' service of summons issued on January 24, 2012, had failed to comply with Federal Rule of Bankruptcy Procedure 7004(b)(3).  On March 7, 2012, amended summons were issued.  Appellants filed an affidavit of service as to appellee, but failed to do so for TBW.

On June 16, 2014, the court entered an order to show cause noting that appellants never established service as to TBW.  On August 20, 2014, the court held a hearing on the order to show cause.  At the hearing, the court noted its understanding based on the record and the parties' representations that TBW had filed for bankruptcy.  Nevertheless, the court stated that dismissal was proper because the record lacked evidence that TBW had been properly served.  The court explained that while an amended summons was issued, it was never returned or entered on the record.  (ER 702).

James C. Mahan
U.S. District Judge

- 12 -

1    Federal Rule of Civil Procedure 4(m) provides that "[i]f service of the summons and
2  complaint is not made upon a defendant within 120 days after the filing of the complaint, the court,
3  upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without
4  prejudice as to that defendant . . . ." Fed. R. Civ. P. 4(m); *see also* Fed. R. Bankr. P. 7004(a)(1)
5  (stating that Rule 4(m) applies in adversary bankruptcy proceedings).

6    On appeal, appellants provide no evidence or argument that this dismissal should be
7  reversed. Appellants make conclusory statements that dismissal was improper but do not provide
8  substantive supporting proof.

9    The record does not support a finding that the bankruptcy court abused its discretion in
10  dismissing TBW without prejudice. A district court has broad discretion to dismiss for failure to
11  properly serve. Because appellants cannot show that TBW was properly served, the court will
12  affirm the bankruptcy court on this issue.

13  **IV.   Conclusion**

14    The court has reviewed the record and the relevant issues on appeal. Based on the
15  foregoing, the court will affirm the bankruptcy court's grant of summary judgment, denial of
16  reconsideration, and dismissal of TBW without prejudice.

17    Accordingly,

18    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the ruling of the
19  bankruptcy court in *Nordeen et al. v. Taylor, Bean & Whitaker Mortgage Corporation et al.*, case
20  number 2:14-cv-01470-JCM, be, and the same hereby is AFFIRMED.

21    IT IS FURTHER ORDERED that the case of *Nordeen et al. v. Taylor, Bean & Whitaker
22  Mortgage Corporation et al.*, case number 2:14-cv-01470-JCM, be, and the same hereby is,
23  DISMISSED.

24    The clerk shall close the case.

25    DATED April 3, 2015.

26

27

28                                                    _____
                                                      UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge